SAMUEL, Judge.
This is a suit for personal injuries and property damages allegedly resulting from an automobile accident. Plaintiff had stopped his car in a line of traffic waiting for a signal light to change when he was struck from behind by the defendant vehicle. Defendant, insurer of the rear-ending automobile, stipulated liability. After trial judgment was rendered in favor of plaintiff in the sum of $460. Plaintiff has appealed seeking an increase in the award for pain and suffering. Defendant has answered the appeal seeking a reversal of the judgment.
We are unable to ascertain from the record with certainty whether the $460 award was for plaintiff’s pain and suffering alone. It is clear the trial court made no award for property damages because the only damages to plaintiff’s automobile were a broken tail light and a bent bumper and he failed to prove the cost of repairing those damages. However, as it is possible the award does include medical expenses in the amount of $100, we conclude the award for pain and suffering alone was either the full amount of $460 or $360. The exact amount is not important since the difference of $100 could not constitute an abuse of the “much discretion” vested in the trial court in assessing damages for personal injuries.
Plaintiff’s petition alleged injuries including, but not limited to, the lumbar spine and no proof was.offered as to any injury other than to that area. When plaintiff’s medical expert was asked on direct examination whether the accident aggravated a preexisting back condition, the defendant objected to the question as constituting an extension of the pleadings. The exception was sustained. Plaintiff made no attempt to amend as provided by LSA-C.C.P. Art. 1154; instead, he put the testimony relative to aggravation of a preexisting back condition in the record by means of a proffer.
In this court plaintiff contends the minimal, and inadequate, award resulted from the trial court ruling which excluded evidence relative to aggravation of a preexisting back condition. Defendant contends the testimony was properly excluded and argues plaintiff failed to prove any injury resulting from the accident.
The only evidence contained in the record relative to the injuries in suit consists of plaintiff’s own testimony and the testimony of his medical expert, Dr. S. J. LoCoco, an orthopedic surgeon.
At the time of the accident plaintiff, who was then 49 years of age, had a chronically diseased and extremely bad back. More than 30 years prior thereto his back had been injured when he was struck by a truck while riding a bicycle; and six years prior thereto a car had fallen on him while he was working as a mechanic, breaking two vertebrae. He suffered from a marked and severe osteoporosis (thinning of all the bones of the lumbar spine and pelvis; and he had a marked deformity in the spinal column with kyphosis (hump back) present in the middle of the back about the level of *655 the second lumbar vertebra, which caused him to walk with an abnormal gait and with his spine in a semiflexed position. These conditions were of long duration and preexisted the accident in suit. He was receiving regular outpatient treatment at Charity Hospital in New Orleans for the osteoporosis and on prior occasions over a period of several years had been a patient in Charity Hospital for treatment of that disease and other internal medical and psychiatric problems.
On the day of the accident in suit, and after that accident had occurred, plaintiff went to Charity Hospital for his regularly scheduled treatment for osteoporosis. Although he testified his back had not been paining him immediately prior to the accident, that he hurt his back in the accident, and that it continued to bother him thereafter, at the scene of the accident he told both the defendant driver and the investigating police officer he had not been hurt. When he went to the hospital later that day he did not inform either the doctors or the other hospital personnel there of the accident; and the record does not reveal that he ever complained to those doctors or that personnel about back pain resulting from the accident. Plaintiff further testified that, although his back was bothering him, following the accident he lost no time from work until he entered Charity Hospital approximately six months later for treatment of a liver condition, and remained there as a bed patient for several months.
At the suggestion of his attorney plaintiff saw Dr. LoCoco on two occasions, the first approximately two weeks after the accident and the second about one and one-half years later. On the second visit plaintiff had fully recovered from any possible effects from the accident. The doctor diagnosed plaintiffs injuries resulting from the accident as an acute lumbosacral sprain inflicted on a chronically diseased spine. On the first visit he advised hospitalization for a diagnostic work-up but that advice was not followed.
After the trial judge had maintained the objection to the question of whether the trauma incurred in the accident had aggravated the preexisting back condition, Dr. LoCoco gave the following testimony which constitutes all of the proffer made by the plaintiff:
“Q Doctor, let’s get back to the trauma aggravation the preexisting condition, please.
Do you, in your professional opinion as an orthopedic surgeon, believe that the trauma that Mr. Sietzen sustained in January of 1966 aggravated his preexisting condition?
A Yes.
Q And upon what do you base that, Doctor ?
A You have a patient with severe osteoporosis, that’s thinning of the bone, you try to keep them active as long as you can, because you know inactivity increases osteoporosis.
Now, in this patient, he was active before the accident; however, following the accident he was in pain and was unable to work. I think this definitely aggravates any osteo-porotic condition.
Q Doctor—
A Decreased activity increases osteoporosis, is a known medical fact.
Q Let me pose a hypothetical question to you, Doctor.
If a man had a similar condition to this osteoporotic condition and he sustained a trauma and then some six months or three to five months after the accident he spent an additional three to five months in bed at Charity Hospital, would this tend to further aggravate that osteo-porotic condition?
A Yes.”
*656 We find it unnecessary to decide the question of whether this testimony properly was excluded. Assuming, hut not deciding, it should have been admitted, it is insufficient proof of such an aggravation. As shown by the above quotation, Dr. Lo-Coco’s opinion regarding aggravation is based only on inactivity which he believed resulted from the accident, specifically the inactivity following the accident because of pain and inability to work and the inactivity caused by the fact that plaintiff was a hospital bed patient for several months beginning approximately six months after the accident. But as we have pointed out, according to plaintiff’s own testimony he lost no time at all from work following the accident and until the hospitalization in question. In addition, his testimony regarding pain and inactivity during that period is negligible, unimpressive and obviously was not accepted by the trial judge, a conclusion with which we agree. And according to plaintiff’s further testimony, which is corroborated by a copy of the pertinent hospital record introduced in evidence, his hospitalization about six months later was for treatment of a liver condition in no way suggested to have any causal connection with the accident. Thus, the doctor’s opinion was based solely on assumptions, resulting from an acceptance of the history given him by the plaintiff, which we find are contrary to the facts.
Although the doctor did conclude plaintiff had suffered an acute lumbosacral sprain as a result of the accident, we must hold the severity of that strain, the length of its duration, and any pain and suffering which may have resulted therefrom were extremely minimal. The evidence in the record fails to support any other conclusion. Accordingly, we will not disturb the minimal award.
For the reasons assigned, the judgment appealed from is affirmed.